[898 NYS2d 520]

In the Matter of PHILIP BRENT HOVER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 20, 2010

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The application to impose reciprocal discipline is predicated upon an order of the Supreme Court of New Jersey dated

August 31, 2009 (200 NJ .213, 977 A2d 1050 [2009]), which disbarred the respondent on consent, effective immediately, struck his name from the roll of attorneys, and permanently enjoined and restrained him from practicing law.

Although served with the 22 NYCRR 691.3 notice by mail on September 9, 2009, the respondent did not raise any of the enumerated defenses or demand a hearing. Thus, there is no impediment to the imposition of reciprocal discipline at this juncture. The New Jersey order merely reflects the disbarment and directs reimbursement to the Disciplinary Oversight Committee for appropriate administrative costs or actual expenses incurred in the prosecution of the matter. It contains no factual recitation.

In his affidavit consenting to the New Jersey disbarment, the respondent stated that he had "voluntarily confessed" to misappropriation of a client's funds, all of which were voluntarily repaid in full before the authorities contacted him on this matter. The respondent submits that he had a previously unblemished record. The respondent avers that all funds were taken from a single client and emphasizes that they were voluntarily repaid, including all client expenses, before he was contacted by the authorities.

He expressed the belief that the underlying incident would never have occurred but for the intense pressures in both his personal and professional life in 2008.

Inasmuch as the respondent asserted no defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Ninth Judicial District for the imposition of reciprocal discipline is granted and the respondent is disbarred in New York based upon his disbarment in New Jersey.

PRUDENTI, P.J., MASTRO, RIVERA, FISHER and ENG, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Philip Brent Hover, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Philip Brent Hover, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Philip Brent Hover, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Philip Brent Hover, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).